IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| OMARI WELLS | ) | Plaintiff |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER: 1:24cv312 TBM-RM |
| | ) | |
| | ) | JURY DEMAND |
| HUNTINGTON INGALLS INCORPORATED, a wholly owned Subsidiary of HUNTINGTON INGALLS INDUSTRIES, INC. | ) | Defendant |

## COMPLAINT

1. Plaintiff brings this action against Defendant, Huntington Ingalls Incorporated, a wholly owned subsidiary of Huntington Ingalls Industries, Inc., including the division of Ingalls Shipbuilding for his retaliatory termination in violation of the Family Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. §2601, et seq.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §2617. The jurisdiction of this Court is invoked to secure protection for, and redress deprivation of rights secured by The Family Medical Leave Act. Jurisdiction is

also invoked pursuant to 28 U.S.C. §§2201 and 2202, as hereinafter more fully appears.

## PARTIES

3. Plaintiff, Omari Wells, is a male and a resident of the State of Mississippi and is over the age of 19 years. Plaintiff was an eligible employee under the FMLA in that he worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked for a company where at least 50 employees were employed.

4. Defendant, Defendant, Huntington Ingalls Incorporated, a wholly owned subsidiary of Huntington Ingalls Industries, Inc., including the division of Ingalls Shipbuilding, is a domestic corporation doing business in Jackson County, Mississippi, where it employs 50 or more employees. Defendant employed 50 or more employees for each working day during each of the 20 or more calendar work weeks in the applicable calendar year. Defendant is a covered employer pursuant to 29 U.S.C. §2611(4).

5. Ingalls Shipbuilding is a division of Huntington Ingalls Incorporated. Huntington Ingalls Incorporated is a wholly owned subsidiary of Huntington Ingalls Industries, Inc.

## ALLEGATIONS

6. Plaintiff began his employment with Defendant in the division of Ingalls Shipbuilding on or about February 19, 2019. Plaintiff was hired as a Graphic Artist in its Communications department.

7. Plaintiff is a person with a disability as defined by the ADAAA.

8. During Plaintiff's employment, he was approved for and went out on FMLA for his condition on or about August 5, 2022. Plaintiff was to return to work on or about October 13, 2022, and Defendant was aware of my leave and return.

9. During his leave, Plaintiff spoke with his department continuously to keep them updated on his medical status. Plaintiff reached out to Defendant after every doctor's visit to keep them informed. Plaintiff also reiterated to his doctor numerous times to send letters and updates to Defendant regarding his visits. Plaintiff's doctor assured him he was doing that.

10. Plaintiff returned to work on October 12, 2022, after being approved to do so by his physician. Plaintiff notified Defendant that he was returning to work.

11. When Plaintiff returned to work, on October 12, 2022, he was told that he needed to have a "return to work" certification from his physician that day. Plaintiff told Defendant that he would obtain that certificate and send it. Plaintiff

was not aware of the requirement that he was to provide a return-to-work form the day before starting back to work. When Plaintiff called in before returning to work and told them he would be returning, no one mentioned the return-to-work form at that time.

12. Plaintiff contacted his physician's office numerous times on October 12, 2022, in order to obtain the "return to work" certificate; however, Plaintiff learned that the doctor did not work that day – Wednesday.

13. The next day, October 13, 2022, Plaintiff contacted his physician and told him what he needed for his work and was told that the physician would send it in. Plaintiff then contacted Defendant and stated that his doctor was sending in the required paperwork that day.

14. However, Plaintiff was notified by Defendant that he was terminated for not turning in the paperwork on Wednesday, October 12, 2022.

15. Plaintiff immediately contacted both Human Resources and the Leave Desk to report what had occurred with the paperwork and his termination. The Leave Desk told the plaintiff that the paperwork had been received; however, he was still terminated. Human Resources told Plaintiff the same thing.

16. Plaintiff turned in the required "return to work" certification as soon as he could get in touch with this doctor's office and should not have been terminated.

17. Plaintiff's 12 weeks of FMLA leave ran out on October 13th. He returned on October 12th. Plaintiff provided Defendant with the required paperwork by the 13th, his original return date.

## CLAIMS

18. Defendant has willfully violated the FMLA by terminating the plaintiff's employment because the plaintiff took approved leave under the Act. Defendant's reason for Plaintiff's termination is a pretext for retaliation under the FMLA.

19. Furthermore, Defendant has willfully violated the FMLA by interfering with Plaintiff's rights under the FMLA and by preventing Plaintiff from returning to work within the time allowed under the FMLA.

20. Defendant's actions, as described above, were willful and not taken in good faith.

21. As a result of Defendant's actions Plaintiff has suffered damages in the form of lost wages and benefits.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays this Court to:

1. Grant plaintiff a declaratory judgment against Defendant that his termination violated the FMLA;

2. Grant plaintiff a preliminary and permanent injunction pursuant to 29 U.S.C. §2617(1)(B) directing Defendant to reinstate the plaintiff into the position he held at the time he was terminated; reinstate all of plaintiff's employment benefits, including but not limited to health insurance and retirement benefits, retroactive to the date of their cessation;

3. Enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against the defendant and in favor of the plaintiff for the monetary losses plaintiff sustained as a direct result of the defendant's termination of plaintiff in violation of the FMLA;

4. Grant plaintiff liquidated damages and interest;

5. Grant plaintiff him attorney's fees and costs; and

6. Grant plaintiff such other relief as justice requires.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES

Respectfully submitted,

*[signature]*

Jon Fairbank
Counsel for Plaintiff
Jonathan B. Fairbank (MS Bar No. 5119)
The Law Offices of Jonathan B. Fairbank
5760 I-55 North, Ste. 450
Jackson, Mississippi 39211
(601) 956-8999
jonfairbanklaw@gmail.com

**OF COUNSEL**:
Kevin W. Jent (PRO HAC VICE TO BE FILED)
WIGGINS, CHILDS, PANTAZIS,
     FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

**DEFENDANT'S ADDRESS:**
    To Be Served Via Certified Mail

Huntington Ingalls Incorporated,
a wholly owned subsidiary of
Huntington Ingalls Industries, Inc.
c/o Registered Agent
CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, MS 39232